2010 ND 133

Clifford HALVORSON and Leona
Halvorson, Plaintiffs and
Appellants

v.

Paul Arthur STARR, Carl Axel Starr, Signe Myrtle Johnson, Earnest Melvin Starr a/k/a Ernest Melvin Starr, Martha Viola Mauge a/k/a Martha Viola Willson, Reuben John Starr, Kenneth LaBelle, Priscilla LaBelle, Dennis LaBelle, Sandra LaBelle, Donna Ross a/k/a Donna A. Ross, Andrew Ross, Carolyn Starr, Darlene Walth, Reuben James Starr, Signe Verhasselt, Daryl Starr, Christina Bonacossa, Evelyn A. Starr, Marilyn Starr, Paul Starr, Carol Curtis, William Mauge, Kathryn Anderson, Harold Anderson, Rosalinda Jordan, Rosalie Jordan; All unknown heirs of Paul Arthur Starr, Carl Axel Starr, Signe Myrtle Johnson, Earnest Melvin Starr a/k/a Ernest Melvin Starr, Martha Viola Mauge a/k/a Martha Viola Willson, Reuben John Starr, Kenneth LaBelle, Priscilla LaBelle, Dennis LaBelle, Sandra LaBelle, Donna Ross a/k/a Donna A. Ross, Andrew Ross, Carolyn Starr, Darlene Walth, Reuben James Starr, Signe Verhasselt, Daryl Starr, Christina Bonacossa, Evelyn A. Starr, Marilyn Starr, Paul Starr, Carol Curtis, William Mauge, Kathryn Anderson, Harold Anderson, Rosalinda Jordan, Rosalie Jordan; The Dublin Company and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, Defendants and Appellees.

No. 20100068.

Supreme Court of North Dakota.

July 13, 2010.

Wade G. Enget (argued) and Amber J. Fiesel (appeared), Stanley, ND, for plaintiffs and appellants.

Steven J. Wild, Bowman, ND, for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Clifford and Leona Halvorson ("the Halvorsons") appealed from the summary judgment in favor of Paul Arthur Starr, Carl Axel Starr, Signe Myrtle Johnson, et. al ("the Starrs"). We affirm because N.D.C.C. § 1–02–15 governs the computation of time in N.D.C.C. § 38–18.1–06.

I.

[¶ 2] The Halvorsons were the surface owners of a parcel of land in Mountrail County and the Starrs owned the mineral rights. On March 1, 1990, the Halvorsons signed a Notice of Lapse of Mineral Interest asserting the Starrs' mineral interest had been unused for twenty years and the Halvorsons sought to make claim to the mineral interest. The Halvorsons published the Notice of Lapse of Mineral Interest on March 7, 14 and 21, 1990, as required by N.D.C.C. § 38–18.1–06. The Halvorsons mailed the Notice of Lapse of Mineral Interest to the Starrs on April 2, 1990, the twelfth calendar day after the Notice of Lapse of Mineral Interest had been published.

[¶ 3] In June 2009, the Halvorsons sued the Starrs to quiet title to the mineral interest. The Starrs answered and counterclaimed to quiet title. The Starrs moved for summary judgment. The district court granted summary judgment to the Starrs, noting N.D.C.C. § 38–18.1–06(2) required the Halvorsons to mail a copy of the Notice of Lapse of Mineral Interest to the Starrs within ten days after the last day it was published. The district court determined the computation of time in this case is governed by N.D.C.C. § 1–02–15, not the North Dakota Rules of Civil Procedure. The district court held the Halvorsons' mailing was not timely, thus they did not satisfy the requirements of N.D.C.C. § 38–18.1–06.

## II.

[¶ 4] We review summary judgment de novo on the record. *Schmidt v. Gateway Community Fellowship*, 2010 ND 69, ¶ 7, 781 N.W.2d 200 (citing *Kappenman v. Klipfel*, 2009 ND 89, ¶ 7, 765 N.W.2d 716; *Leet v. City of Minot*, 2006 ND 191, ¶ 12, 721 N.W.2d 398). Summary judgment is appropriate if there are no genuine issues of material fact. *Id.* (citing *Kappenman*, at ¶ 7; *Leet*, at ¶ 12). Neither party argues there is a genuine issue of material fact in this case. The sole issue is whether the computation of time in N.D.C.C. § 38–18.1–06 is governed by N.D.C.C. § 1–02–15 or the North Dakota Rules of Civil Procedure. "The interpretation and application of a statute is a question of law, which is fully reviewable on appeal." *Id.* (citing *Leet*, at ¶ 12).

[¶ 5] Section 38–18.1–06, N.D.C.C., describes the procedure for succeeding to the ownership of a lapsed mineral interest:

1. Any person intending to succeed to the ownership of a mineral interest upon its lapse, shall give notice of the lapse of the mineral interest by publication.

2. The publication provided for in subsection 1 must be made once each week for three weeks in the official county newspaper of the county in which the mineral interest is located; however, if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry, *notice must also be made by mailing a copy of the notice to the owner of the mineral interest within ten days after the last publication is made.*

3. The notice must state:

   a. The name of the record owner of the mineral interests;

   b. A description of the land on which the mineral interest involved is located; and

   c. The name of the person giving the notice.

4. A copy of the notice and an affidavit of service of the notice must be recorded in the office of the register of deeds of the county in which the mineral interest is located and constitutes prima facie evidence in any legal proceedings that such notice has been given.

N.D.C.C. § 38–18.1–06 (1989) (emphasis added). The district court held the computation of the ten-day time period is governed by N.D.C.C. § 1–02–15, which states:

The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded. If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month.

N.D.C.C. § 1–02–15 (1987).

[¶ 6] The Halvorsons argue the North Dakota Rules of Civil Procedure should be applied to N.D.C.C. § 38–18.1–06. Rule 6(a), N.D.R.Civ.P., states:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included, unless it is a Saturday, a*

*Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.* When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

N.D.R.Civ.P. 6(a) (1990) (emphasis added). If the North Dakota Rules of Civil Procedure are applied, the Halvorsons mailed the Notice of Lapse of Mineral Interest on the tenth day in compliance with N.D.C.C. § 38–18.1–06(2), because Saturday March 31 and Sunday April 1 would not be counted.

[¶ 7] The Halvorsons argue this Court has already applied the North Dakota Rules of Civil Procedure to N.D.C.C. § 38–18.1–06 in *Spring Creek Ranch v. Svenberg,* 1999 ND 113, 595 N.W.2d 323. In *Spring Creek Ranch,* we analogized N.D.C.C. § 38–18.1–06 to N.D.R.Civ.P. 4:

Service of the notice of lapse under N.D.C.C. § 38–18.1–06(2) is similar to the personal service requirement under N.D.R.Civ.P. 4(e)(2)(A). N.D.C.C. § 38–18.1–06(2) mandates a copy of the notice of lapse must be mailed to the owner of the mineral interest within ten days after the last publication is made if the mineral owner's address is "shown of record or can be determined upon reasonable inquiry." N.D.R.Civ.P. 4(e)(2)(A) states before service of summons by publication is authorized, the plaintiff must file an affidavit in the clerk of court's office stating that "after diligent inquiry personal service of the summons cannot be made upon the defendant in this state to the best knowledge, information, and belief of the affiant." N.D.C.C. § 38–18.1–06(2) and N.D.R.Civ.P. 4(e)(2)(A) require a person using publication to conduct an inquiry that is "reasonable" or "diligent" under

the circumstances. Sufficiency of service is a question of fact that will not be reversed on appeal unless it is clearly erroneous. See, e.g., *McComb v. Aboelessad,* 535 N.W.2d 744, 747 (N.D.1995).

*Spring Creek Ranch,* at ¶ 18. This Court looked to cases that analyzed whether a party had conducted a "diligent inquiry" under N.D.R.Civ.P. 4(e)(2)(A). *Id.* at ¶ 19 (citing *Williston Coop. Credit Union v. Fossum,* 459 N.W.2d 548, 552 (N.D.1990); *Ryken v. State,* 305 N.W.2d 393, 395 (S.D. 1981); *Hunt Trust Estate v. Kiker,* 269 N.W.2d 377, 381 (N.D.1978)). We reversed the district court's summary judgment because whether a reasonable inquiry had been conducted as required by N.D.C.C. § 38–18.1–06 was a genuine issue of material fact. *Id.* at ¶ 20.

[¶ 8] The Halvorsons argue that, as a result of our opinion in *Spring Creek,* the North Dakota Rules of Civil Procedure must be applied to N.D.C.C. § 38–18.1–06. This is a misreading of *Spring Creek.* In that case, we analogized the service required by N.D.C.C. § 38–18.1–06 to service as described in N.D.R.Civ.P. 4 for purposes of ascertaining whether a reasonable inquiry had been made to determine whether the address of the mineral owner could be determined. We did not hold that the North Dakota Rules of Civil Procedure apply to N.D.C.C. § 38–18.1–06.

[¶ 9] The Halvorsons also argue this Court has the authority to apply the North Dakota Rules of Civil Procedure to N.D.C.C. § 38–18.1–06 as a result of our opinion in *Comstock Constr., Inc. v. Sheyenne Disposal, Inc.,* 2002 ND 141, 651 N.W.2d 656. In *Comstock* we interpreted N.D.C.C. § 35–27–25, which required, "Upon written demand of the owner, that person's agent, or contractor, served on the person holding the lien, suit must be commenced and filed with the clerk of court within thirty days thereafter or the

lien is forfeited." *Comstock*, at ¶ 21 (quoting N.D.C.C. § 35–27–25). We stated:

> That plain and ordinary meaning of "serve" is similar to the provisions for personal service of process within the state under N.D.R.Civ.P. 4(d)(2), which, as relevant to this case, authorizes personal service upon a corporation by any form of mail or third-party commercial delivery addressed to an appropriate representative of the corporation and requiring a signed receipt and resulting in delivery to that representative.

*Id.* at ¶ 24. This Court held:

> The Legislature is presumed to know the law when enacting legislation. *See State v. Clark*, 367 N.W.2d 168, 170 (N.D.1985). When the historical circumstances for additional time after service by mail are considered with the statutes superseded by N.D.R.Civ.P. 6 and the Legislature's reenactment of the mechanic's lien law after the adoption of the rules of civil procedure, we conclude the Legislature intended the provisions for additional time after service by mail under N.D.R.Civ.P. 6(e) to apply when an owner chooses to serve a written demand by registered mail under N.D.C.C. § 35–27–25. Although that interpretation may result in a modest increase in time for commencing and filing an action when a landowner chooses to serve a written demand by registered mail, it promotes certainty and uniformity for that situation. We conclude the trial court erred in refusing to apply N.D.R.Civ.P. 6 to compute Comstock Construction's time for commencing and filing an action after Sheyenne Disposal's service of the written demand by registered mail under N.D.C.C. § 35–27–27.

*Id.* at ¶ 28.

■ [¶ 10] *Comstock* is clearly distinguishable from this case. The mailing specified in N.D.C.C. § 35–27–25, by the terms of the statute, begins the time in which to commence a civil action. Rule 1, N.D.R.Civ.P., states the rules "govern the procedure in the district courts in all suits of a civil nature." The mailing required by N.D.C.C. § 38–18.1–06 does not begin a civil action. It is not part of a procedure in the district court. No judicial authority exists to apply the North Dakota Rules of Civil Procedure to N.D.C.C. § 38–18.1–06. The computation of the ten-day time period is governed by N.D.C.C. § 1–02–15.

### III.

■ [¶ 11] The Halvorsons argue, alternatively, the amended version of N.D.C.C. § 1–03–05 should be applied to calculate the ten-day time period. When the Halvorsons mailed the notice, N.D.C.C. § 1–03–05 read:

> Whenever an act of a secular nature, other than a work of necessity or mercy, as appointed by law or contract to be performed upon a particular day, which falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.

In 1997, N.D.C.C. § 1–03–05 was amended to also exclude Saturdays, and now reads:

> Whenever an act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, that falls upon *a Saturday or a holiday*, the act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.

(Emphasis added); *see* 1997 N.D. Sess. Laws ch. 52, § 1 (amending N.D.C.C. § 1–03–05). If the amended version of N.D.C.C. § 1–03–05 is applied, Halvorson mailed the notice on the tenth day, be-

cause Saturday March 31 and Sunday April 1 would be excluded. *See* N.D.C.C. § 1–03–01(1) (defining "[e]very Sunday" as a holiday).

[¶ 12]   The Halvorsons urge us to apply the amended N.D.C.C. § 1–03–05 retroactively.   Section 1–02–10, N.D.C.C., states, "No part of this code is retroactive unless it is expressly declared to be so."   We have recently explained the Legislature must "give explicit notice" if it intends for a statute to be applied retroactively. *White v. Altru Health System*, 2008 ND 48, ¶ 17, 746 N.W.2d 173 (citing *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 240 (N.D. 1979)).   No part of N.D.C.C. § 1–03–05 or its legislative history indicates the Legislature intended for it to be applied retroactively.   The district court properly applied N.D.C.C. § 1–02–15 and the prior version of N.D.C.C. § 1–03–05 when it granted summary judgment to the Starrs.

### IV.

[¶ 13]   In sum, the Halvorsons' arguments do not conform to the strict construction of a statute that creates a forfeiture in derogation of the common law and with the review our Court must undertake to ensure compliance with that statute's requirements.

[¶ 14]   We affirm the district court's summary judgment in favor of the Starrs.

[¶ 15] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.