2014 ND 40

**Jack M. PETERSON, Lilly Peterson, Lacey Mineral and Royalty General**

Partnership, John R. Lacey, Ramona Lacey, Michael Lacey, Cheryl Lacey, and John Satermo a/k/a Lee John Satermo, Eugene H. Peterson, Plaintiffs and Appellees

v.

Lester JASMANKA, deceased, through Personal Representative Monica CLARK, Chief Financial Officer for Hanna Boys Center, f/k/a Archbishop Hanna Center for Boys, Sonoma, California, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon, the property described in the Complaint, Defendants

Lester Jasmanka, deceased, through Personal Representative Monica Clark, Chief Financial Officer for Hanna Boys Center, f/k/a Archbishop Hanna Center for Boys, Sonoma, California, Appellant

Hal Nestaval, Darlene Nestaval, Jerry Nestaval, Sara Nestaval and Kirk Nestaval, Sylvia M. Holst, Veneda and Gary Yeager, Michelle and Daniel Riddle, and Jon and Karen Holst, Appellees.

No. 20130162.

Supreme Court of North Dakota.

Feb. 21, 2014.

Andrew T. Forward (argued) and Richard P. Olson (on brief), Minot, N.D., for plaintiffs and appellees Jack M. Peterson, Lilly Peterson, Lacey Mineral and Royalty General Partnership, John R. Lacey, Ramona Lacey, Michael Lacey, Cheryl Lacey, and John Satermo, a/k/a Lee John Satermo, and Eugene H. Peterson.

Joshua A. Swanson (argued) and H. Patrick Weir, Jr. (appeared), Fargo, N.D., for appellant Lester Jasmanka, deceased, through Personal Representative Monica Clark, Chief Financial Officer for Hanna Boys Center, f/k/a Archbishop Hanna Center for Boys, Sonoma, California.

Sandra B. Dittus and Sara R. Behrens, Grand Forks, N.D., for appellees Hal Nestaval, Darlene Nestaval, Jerry Nestaval, Sara Nestaval, and Kirk Nestaval; submitted on brief.

Zachary E. Pelham (argued), Bismarck, N.D., for appellees Sylvia M. Holst, Veneda and Gary Yeager, Michelle and Daniel Riddle, and Jon and Karen Holst.

John W. Morrison, Jr., and Paul J. Forster, Bismarck, N.D., for amicus curiae Whiting Oil and Gas Corporation.

SANDSTROM, Justice.

[¶ 1] Monica Clark, as the personal representative of the estate of Lester Jasmanka, appeals from a district court order denying her motion to vacate a 1990 default judgment quieting title to certain mineral interests in Jack and Eugene Peterson. We affirm, concluding (1) the 1990 judgment was not void and therefore could not be vacated under N.D.R.Civ.P. 60(b)(4), and (2) the motion to vacate the judgment for fraud and misrepresentation under N.D.R.Civ.P. 60(b)(3) was untimely.

I

[¶ 2] Lester Jasmanka owned land in Mountrail County. In 1952, Jasmanka executed a warranty deed transferring the property but reserving 50 percent of the minerals beneath the land. The 1952 deed listed Jasmanka's address as 5506 Modoc Avenue in Richmond, California. In 1959, Jasmanka executed two oil and gas leases on the property. The 1959 leases listed Jasmanka's address as 5505 Modoc Avenue. The 1952 deed and 1959 leases were recorded.

[¶ 3] In 1990, when there had been no use of the minerals in more than thirty years, Jack and Eugene Peterson, who owned the surface estate in the land, published a notice of lapse of mineral interest in the official county newspaper. The Petersons also mailed a notice of lapse of

mineral interest to Jasmanka at 5505 Modoc Avenue. The Petersons subsequently began a quiet title action, serving Jasmanka by publication and by mailing a copy of the summons and complaint to the 5505 Modoc Avenue address. In affidavits, the Petersons' attorney advised the court that the 5505 Modoc Avenue address was the only known address for Jasmanka. When no response to the summons and complaint was received, the district court entered a default judgment quieting title in the mineral interest in the Petersons.

[¶ 4] Jasmanka had died in California in 1963, and his will was originally probated there. Under the residuary clause and a codicil to his will, the Mountrail County mineral interest would have passed to Hanna Boys Center ("HBC"). In 2011, Clark, the chief financial officer of HBC, applied for informal probate of Jasmanka's will in Mountrail County. Clark was appointed as personal representative of Jasmanka's estate.

[¶ 5] In 2012, 49 years after Jasmanka's death and 22 years after entry of the default judgment quieting title to the minerals in the Petersons, Clark moved to vacate the 1990 quiet title judgment. Clark contended the Petersons had mailed the notice of lapse of mineral interest to the wrong address and therefore had not strictly complied with the notice requirements in the abandoned minerals·statute, N.D.C.C. ch. 38–18.1. Clark argued the district court therefore had lacked personal jurisdiction and the 1990 judgment was void, and the judgment should be vacated under N.D.R.Civ.P. 60(b)(4). Clark also argued the Petersons had fraudulently misrepresented to the court that the 5505 Modoc Avenue address was the only address of record for Jasmanka and the 1990 judgment should therefore be vacated under N.D.R.Civ.P. 60(b)(3). The district court concluded the Petersons had proper-ly served the notice of lapse of mineral interest upon Jasmanka at his last address shown of record in 1990 and denied Clark's motion to vacate the default judgment.

## II

[¶ 6] Clark argues the district court erred in concluding the Petersons had complied with the notice requirement in N.D.C.C. § 38–18.1–06(2) when they mailed the notice of lapse of mineral interest to the 5505 Modoc Avenue address in 1990. We first address the appellees' contention that the issue was never properly before the district court because relief from the judgment was not available under N.D.R.Civ.P. 60(b).

[¶ 7] On the basis of alleged improper service of notice of lapse of mineral interest to a record owner who had died 27 years before the notice was mailed, Clark's 2012 motion sought to vacate a default judgment entered 22 years earlier. Recognizing our holdings in prior cases, Clark concedes that Rule 60(b) is the exclusive means for reopening a default judgment. *See Burgard v. Burgard*, 2013 ND 27, ¶ 7, 827 N.W.2d 1; *Flemming v. Flemming*, 2010 ND 212, ¶ 3, 790 N.W.2d 762; *Shull v. Walcker*, 2009 ND 142, ¶ 12, 770 N.W.2d 274.

[¶ 8] Clark contends the 1990 default judgment can be vacated under Rule 60(b)(3) and (4), which provides:

*(b) Grounds for Relief from a Final Judgment or Order.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; . . . .

Clark contends the judgment may be vacated under Rule 60(b)(4) because the district court lacked personal jurisdiction and the judgment was therefore void, or, alternatively, the judgment may be vacated under Rule 60(b)(3) because the judgment was based upon the Petersons' fraudulent misrepresentation that the 5505 Modoc Avenue address was the only address of record for Jasmanka.

### A

[¶ 9] Clark contends the 1990 judgment is void and should be vacated under N.D.R.Civ.P. 60(b)(4).

[¶ 10] Although the decision to vacate a judgment under Rule 60(b) is ordinarily left to the discretion of the district court, the court has no discretion under Rule 60(b)(4) if the judgment is void. *State ex rel. Schlect v. Wolff,* 2011 ND 164, ¶ 24, 801 N.W.2d 694; *Valley Honey Co., LLC v. Graves,* 2003 ND 125, ¶ 24, 666 N.W.2d 453; *Eggl v. Fleetguard, Inc.,* 1998 ND 166, ¶ 4, 583 N.W.2d 812. As this Court explained in *Eggl,* at ¶ 4 (citations omitted):

> If the judgment is valid, the motion to vacate must be denied; if the judgment is void, the court has no discretion to protect it and it must be vacated. The question to be resolved is whether the judgment is void as a matter of law, and our review of the trial court's decision is plenary.

Furthermore, although a motion to vacate a judgment under Rule 60(b) must generally be made within a "reasonable" time, this Court has clarified that "[a]nytime is a 'reasonable' time to set aside a void judgment," and accordingly there is no time limit for attacking a void judgment under Rule 60(b)(4). *Eggl,* at ¶ 5 (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.65[1], at 60–197 (1998)).

[¶ 11] Clark's primary contention on appeal is that the district court lacked personal jurisdiction to enter the 1990 quiet title judgment because the Petersons failed to properly serve the notice of lapse of mineral interest upon Jasmanka, the record owner of the mineral interest. Clark in effect contends strict compliance with the notice requirements of the statutory abandoned minerals procedure under N.D.C.C. § 38–18.1–06(2) was a jurisdictional prerequisite to a subsequent quiet title action in district court regarding the disputed minerals. Clark's argument is premised upon a fundamental misunderstanding of the nature of the abandoned minerals procedure under N.D.C.C. ch. 38–18.1.

[¶ 12] A mineral interest is deemed to be abandoned if it is unused for 20 years, and N.D.C.C. ch. 38–18.1 provides the procedure for a surface owner to succeed to the ownership of an abandoned mineral interest under the land. *Estate of Christeson v. Gilstad,* 2013 ND 50, ¶ 8, 829 N.W.2d 453; *Halvorson v. Starr,* 2010 ND 133, ¶ 5, 785 N.W.2d 248; N.D.C.C. § 38–18.1–02. The prescribed procedure to acquire the abandoned mineral interest is delineated in N.D.C.C. § 38–18.1–06, which at the relevant time in 1990 provided in part:

1. Any person intending to succeed to the ownership of a mineral interest upon its lapse, shall give notice of the lapse of the mineral interest by publication.

2. The publication provided for in subsection 1 must be made once each week for three weeks in the official county newspaper of the county in which the mineral interest is located; however, if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry, notice must also be

made by mailing a copy of the notice to the owner of the mineral interest within ten days after the last publication is made.

The statutory procedure is wholly self-executing, and once the notice procedure under the statute is completed, title to the mineral interest vests in the surface owner as of the date of abandonment, without the necessity of a subsequent quiet title action. *See* N.D.C.C. § 38–18.1–02; *Johnson v. Taliaferro*, 2011 ND 34, ¶¶ 15–17, 793 N.W.2d 804.

[¶ 13] We have drawn a clear distinction between the statutory abandoned minerals procedure under N.D.C.C. ch. 38–18.1 and a subsequent quiet title action, and have emphasized they are entirely separate, distinct procedures. *See Johnson*, 2011 ND 34, ¶ 17, 793 N.W.2d 804; *Halvorson*, 2010 ND 133, ¶ 10, 785 N.W.2d 248. In *Halvorson*, at ¶ 10, we expressly held "[t]he mailing required by N.D.C.C. § 38–18.1–06 does not begin a civil action" and "is not part of a procedure in the district court."

[¶ 14] Clark's attempt to engraft the notice requirements under N.D.C.C. ch. 38–18.1 as an additional jurisdictional prerequisite to a subsequent quiet title action is misguided. The question whether the surface owner complied with the requirements under the abandoned minerals procedure, including the notice provisions under N.D.C.C. § 38–18.1–06(2), is a substantive question on the merits in a subsequent quiet title action, not a procedural prerequisite. Personal jurisdiction in the quiet title action is determined solely by compliance with the service of process procedures under N.D.R.Civ.P. 4. Whether the surface owner complied with the statute, including the notice provisions, and thereby acquired title to the minerals is purely a substantive issue on the mer-

its in the quiet title action and is not relevant to personal jurisdiction.

[¶ 15] Clark has attempted to bootstrap the notice issue into a jurisdictional issue, citing this Court's decisions in *Spring Creek Ranch, LLC v. Svenberg*, 1999 ND 113, 595 N.W.2d 323, and *Basin Elec. Power Coop. v. Lang*, 221 N.W.2d 719 (N.D.1974). Clark has misread the holdings in those cases.

[¶ 16] In *Lang*, part of the statute prescribing the judicial procedure for an eminent domain action required the plaintiff to serve a notice of trial upon the opposing party under certain circumstances. This Court held failure to comply with the notice provision was jurisdictional. *Lang*, 221 N.W.2d at 721. Clark argues *Lang* stands for the broad proposition that the failure to comply with any statutorily mandated service requirement for notice creates a jurisdictional defect. There is a critical distinction, however, between *Lang* and this case. In *Lang*, the notice requirement was part of the actual judicial proceedings in the eminent domain action. In this case, however, the statutory abandoned minerals procedure and the quiet title action are entirely separate procedures. As we clarified in *Halvorson*, 2010 ND 133, ¶ 10, 785 N.W.2d 248, the notice requirements under the abandoned mineral statute are "not part of a procedure in the district court." The notice requirement in *Lang* was held to be jurisdictional because it was part of the civil action; the notice required under the abandoned minerals statute is not part of a civil action and is not jurisdictional.

[¶ 17] Clark's reliance upon *Spring Creek* is similarly misplaced. In *Spring Creek*, 1999 ND 113, ¶ 18, 595 N.W.2d 323, we merely compared the similarities between the "reasonable inquiry" requirements under N.D.C.C. § 38–18.1–06(2) and N.D.R.Civ.P. 4(e)(2)(A). We addressed

*Spring Creek* in *Halvorson,* 2010 ND 133, ¶¶ 7–8, 785 N.W.2d 248, and specifically rejected the argument that the rules of civil procedure, which govern in civil actions, applied to the notice provision under N.D.C.C. § 38–18.1–06(2). As previously noted, in *Halvorson* we clarified that the notice requirement under N.D.C.C. § 38–18.1–06 is not part of a civil action, or part of any procedure in the district court. *Halvorson,* at ¶ 10.

[¶ 18] We conclude any defect in the mailing of the notice of lapse of mineral interest did not deprive the district court of personal jurisdiction in the subsequent quiet title action. Rather, personal jurisdiction in the quiet title action was governed solely by compliance with N.D.R.Civ.P. 4. Clark bases her jurisdictional argument solely upon the Petersons' alleged failure to strictly comply with N.D.C.C. § 38–18.1–06(2), and concedes the service requirements under N.D.R.Civ.P. 4 were properly complied with in the quiet title action. Accordingly, the district court had personal jurisdiction over the quiet title action, the judgment was not void, and relief from the judgment was not available under N.D.R.Civ.P. 60(b)(4).

B

■ [¶ 19] Clark argues the 1990 default judgment should have been vacated under N.D.R.Civ.P. 60(b)(3) because the Petersons and their attorney falsely misrepresented to the court that 5505 Modoc Avenue was the "only" known address for Jasmanka, the owner of record. Clark contends the Petersons were aware the record included the 1952 warranty deed listing Jasmanka's address as 5506 Modoc Avenue. We find it unnecessary to reach the merits of this issue because Clark's motion to vacate for fraud or misrepresentation under Rule 60(b)(3) was untimely.

[¶ 20] Rule 60(c)(1), N.D.R.Civ.P., governs timing of a motion under Rule 60(b)(3):

A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after notice of entry of the judgment or order in the action or proceeding if the opposing party appeared, but not more than one year after a default judgment has been entered.

Clark seeks to avoid the one-year limit under the Rule, arguing the time to bring a motion under Rule 60(b)(3) was tolled for more than 22 years because the Petersons mailed the notice of entry of the default judgment in the quiet title action to Jasmanka at 5505 Modoc Avenue, rather than 5506 Modoc Avenue. Clark alleges notice of entry of judgment was never properly served upon Jasmanka and the one-year time limit under Rule 60(c)(1) never began to run.

[¶ 21] Clark's argument is ultimately premised upon a misinterpretation of Rule 60(c)(1). Clark argues in her brief on appeal: "Rule 60(b)(3) requires any attempt to set aside a default judgment be brought within one year of notice of entry of judgment." This is a misreading of the unambiguous language of Rule 60(c)(1).

[¶ 22] Rule 60(c)(1) limits motions under Rule 60(b)(1), (2), and (3) to one year, and creates differing triggering events for default judgments and judgments entered after the opposing party has appeared. If the opposing party appeared, the one-year period begins to run upon notice of entry of judgment; if a default judgment is entered, the one-year period begins when the default judgment is entered. *See* N.D.R.Civ.P. 60(c)(1); *see also* N.D.R.Civ.P. 60(b) (1990). The Explanatory Note to Rule 60 explains that a motion for relief under Rule 60(b)(3) must be made within one year of notice that the

judgment or order was entered "except for default judgments the time starts to run from date of entry." The differing rule for default judgments is logical in light of the fact no notice of entry of judgment is required for a default judgment. *See* N.D.R.Civ.P. 58(b)(2); *see also* N.D.R.Civ.P. 58(b) (2012); N.D.R.Civ.P. 77(d) (1990). Accordingly, any alleged defect in serving a notice of entry of judgment in this case was irrelevant and did not toll the time for filing the motion under Rule 60(b)(3).

[¶ 23] In this case, the one-year time limit for a motion to vacate the quiet title judgment under N.D.R.Civ.P. 60(b)(3) began to run when the default judgment was entered on September 20, 1990, and expired in 1991. Clark's attempt to bring a motion based upon fraud and misrepresentation under Rule 60(b)(3) in 2012 was untimely.

### III

[¶ 24] Appellees Hal Nestaval, Darlene Nestaval, Jerry Nestaval, Sara Nestaval, Kirk Nestaval, Sylvia Holst, Veneda Yeager, Gary Yeager, Michelle Riddle, Daniel Riddle, Jon Holst, and Karen Holst allege Clark's appeal is frivolous and seek an award of double costs and attorney fees under N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Burris Carpet Plus, Inc. v. Burris*, 2010 ND 118, ¶ 56, 785 N.W.2d 164 (quoting *Lucas v. Porter*, 2008 ND 160, ¶ 28, 755 N.W.2d 88). Clark's appeal is not flagrantly groundless or devoid of merit, and does not demonstrate persistence in the course of litigation which could be seen as evidence of bad faith. We conclude Clark's appeal is not frivolous, and we deny the request for double costs and attorney fees on appeal.

### IV

[¶ 25] We have considered the remaining issues and arguments raised by the parties and find they are either unnecessary to our decision or without merit. The order denying Clark's motion to vacate the 1990 quiet title judgment is affirmed.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., DANIEL D. NARUM, D.J., and DANIEL J. CROTHERS, JJ., concur.

[¶ 27] The Honorable LISA FAIR McEVERS was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge MARY MUEHLEN MARING, sitting. The Honorable DANIEL D. NARUM, D.J., sitting in place of KAPSNER, J., disqualified.