# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

           Plaintiff-Appellee,

v

ARTUR GRIGORYAN,

           Defendant-Appellant.

UNPUBLISHED
September 6, 2016

No. 327067
Kent Circuit Court
LC No. 14-008375-FC

Before: STEPHENS, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with intent to murder, MCL 750.83; carrying a concealed weapon (CCW), MCL 750.227; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to 12 to 40 years' imprisonment for his assault with attempt to murder conviction, one to five years' imprisonment for the CCW conviction, and two years' imprisonment for the felony-firearm conviction. He appeals as of right. We affirm defendant's convictions but remand for possible resentencing.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues on appeal that he was denied the effective assistance of counsel /when his trial counsel failed to investigate and present expert witnesses, failed to object to an error in the jury instructions, and failed to request a specific intent instruction. Our review of these claims is limited to mistakes apparent on the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). To establish the ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *People v Pickens*, 446 Mich 298, 309; 521 NW2d 797 (1994), citing *Strickland v Washington*, 466 US 668, 669, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Effective assistance of counsel is strongly presumed and the defendant bears the burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). On matters of trial strategy, defense counsel has wide discretion, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012), and this Court will not substitute its judgment for that of counsel, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant argues that his trial counsel was ineffective for failing to produce expert witness testimony on three subjects: firearms, the victim's injuries, and domestic violence.

-1-

Defendant has not established that any witnesses existed who could have been called at trial and who would have presented testimony that would have supported defendant's theories on any of the subjects. Defendant initially proffers three theories: that the gun discharged accidentally; that the victim's injuries were caused by a bullet fragment and not a bullet; or that the victim's injuries were caused by gunshot residue or some other unspecified object during the struggle between defendant and the victim. We can assume that the experts relevant to these theories would be in forensic pathology, ballistics and human factors. Defendant also asserts the theory that a victim does not always lie to protect her abuser. Accepting credibility to be within the province of the fact-finder, we cannot speculate as to either what expert testimony could have been offered in support of this theory or what testimony could have been admitted under the rules of evidence. It was defendant's burden to establish the factual predicate for his claims—that experts existed who could have offered the testimony defendant faults counsel for not presenting. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant did not meet that burden. Additionally, defendant has not demonstrated that counsel's failure to call an expert witness fell below an objective standard of reasonableness. *Pickens*, 446 Mich at 309. The prosecution presented expert and lay witness testimony regarding the firearm, the victim's injuries, and domestic violence generally. All of these witnesses were subjected to cross-examination by defendant. The fact that defense counsel chose not to challenge the prosecution's witnesses by producing independent experts was a matter of trial strategy. Defense counsel has wide discretion in matters of trial strategy, *Heft*, 299 Mich App at 83, and this Court does not substitute its judgment for that of counsel on matters of trial strategy, *Payne*, 285 Mich App at 190.

Next, defendant argues that his trial counsel was ineffective for failing to object to an error in the jury instructions regarding assault with intent to murder. A court must "instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "The instructions must include all elements of the charged offense and must not exclude material issues, defenses, and theories, if there is evidence to support them." *People v Daniel*, 207 Mich App 47, 53; 523 NW2d 830 (1994). A reviewing court "examines the instructions as a whole, and, even if there are some imperfections, there is no basis for reversal if the instructions adequately protected the defendant's rights by fairly presenting to the jury the issues to be tried." *People v Dumas*, 454 Mich 390, 396; 563 NW2d 31 (1997).

At the conclusion of the trial, the trial court instructed the jury on the elements of each crime. Assault with intent to murder is a specific-intent crime, which has the following elements: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotations omitted). Here, the trial court instructed, in relevant part, "that *when* [defendant] intended to kill the victim] when he assaulted her, and the circumstances did not legally excuse or reduce the crime" (emphasis added). According to defendant, the inclusion of the word "when" created the inference that the trial court was instructing the jury that defendant had the requisite intent and that the jury did not have to make that decision. We agree that the use of the word "when" was erroneous, and the instruction was imperfect.

However, the instructions, when considered as a whole, adequately presented the issues and sufficiently protected defendant's rights. *Dumas*, 454 Mich 396. Although the instruction

included an errant "when"—"when [defendant] intended to kill" the victim—the jury was otherwise clearly instructed that intent was the issue to be decided. An instruction was given that "defendant's intent may be proven by what he said, what he did, how he did it, or by any other facts and circumstances in evidence." Thus, although the instructions were imperfect, they adequately presented the issues and sufficiently protected defendant's rights. *Id*. Therefore, defendant has not shown that his trial counsel's representation fell below an objective standard of reasonableness when he failed to object to the jury instructions. *Pickens,* 446 Mich at 309.

Moreover, even if we found deficient performance, defendant has failed to show that there is a reasonable probability that, but for defense counsel's failure to object to the jury instructions, the result of the proceeding would have been different. *Pickens,* 446 Mich at 309. The jury was provided with a written copy of the jury instructions, which did not include the error. Defendant does not point to any evidence to support that, had his trial counsel objected and had the trial court corrected the jury instructions, the result of the proceeding would have been different. *Pickens,* 446 Mich at 309. Thus, defendant has not met his burden of showing that counsel was ineffective.

Next, defendant argues that his trial counsel was ineffective for failing to request a jury instruction for specific intent. On appeal, defendant argues that the standard jury instruction for assault with intent to murder does not adequately inform the jury of the intent required to convict a defendant of assault with intent to murder. We disagree. This Court has held that the standard instruction adequately apprises the jury of the elements of the offense. See *People v Lipps*, 167 Mich App 99, 106; 421 NW2d 586 (1988); *People v Haggart*, 142 Mich App 330, 342 n 1; 370 NW2d 345 (1985). Because the standard jury instructions as given by the trial court in this case were adequate, defendant has not demonstrated that counsel's performance fell below an objective standard of reasonableness when he failed to request instructions for specific intent. *Pickens*, 446 Mich at 309.

## II. INSUFFICIENT EVIDENCE

Defendant next argues on appeal that there was insufficient evidence to find that he had the requisite intent necessary to convict him of assault with intent to murder. A challenge to the sufficiency of the evidence requires this Court to view the evidence de novo in a light most favorable to the prosecution and determine whether any reasonable juror would be warranted in finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175, 177; 804 NW2d 757 (2010). To convict defendant, the prosecution was required to prove that defendant committed "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *Brown*, 267 Mich App at 147. Because intent may be difficult to prove, minimal circumstantial evidence is sufficient to prove that a defendant entertained the requisite intent to kill. *People v Ericksen*, 288 Mich App 192, 196-197; 793 NW2d 120 (2010).

Viewed in a light most favorable to the prosecution, the testimony in this case was sufficient to enable a reasonable jury to find beyond a reasonable doubt that defendant intended to kill the victim. The victim and defendant fought often, and on at least one occasion, defendant pulled her hair. On the day of the incident, defendant and the victim arranged to meet to work out their problems. Defendant brought a gun, which was concealed under a shirt or somewhere

near his body, when he met with the victim. During their discussion, defendant became very angry, accused the victim of having an affair, and threatened to kill her co-worker. Defendant pulled out a gun, and when the victim refused to call her co-worker, defendant specifically threatened to kill her. When the victim tried to leave, defendant turned on the car and began to drive so that she could not jump out of the car. At some point, the gun's cylinder opened and the bullets fell out, and defendant then collected the bullets and reloaded the gun. The victim heard clicking sounds—made when defendant pulled the trigger on an empty chamber—and defendant counted the bullets or chambers. The gun discharged during the events, and the passenger window next to the victim shattered. The victim sustained a graze wound and her shoulder was bruised and she had powder burns on her arm or shoulder. The victim repeatedly attempted to run away, but each time defendant chased after her and dragged her back to the car. Defendant threatened to kill himself if the victim did not come back. When the victim finally got away, defendant shot himself. Afterward, the police found a note in his pocket expressing his desire that his uncle have custody over their daughter. Given that defendant threatened to kill the victim, possessed the deadly means to do so, would not let the victim leave the situation, reloaded the gun after the bullets fell out, and given that the gun was ultimately discharged in the enclosed space of the vehicle in close proximity to the victim, causing her injury, a rational jury could find that defendant committed an assault with intent to kill the victim. Therefore, the evidence was sufficient to support defendant's conviction.

## III. RESENTENCING

Finally, defendant argues that he is entitled to resentencing because his case was pending on direct appeal when *People v Lockridge*, 496 Mich 852; 842 NW2d 925 (2014), was decided. Although defendant's brief is scanty, at best, on this issue, he specifically asks for a "remand to the Kent County Circuit Court to determine, using the procedure described in Part VI of the *Lockridge* opinion, whether it would have imposed a materially different sentence." Notably, although its brief is also perfunctory, the prosecution concedes that defendant is entitled to such a remand. We agree with the parties.

Review of the record reveals that facts admitted by defendant or found by the jury were insufficient to assess the minimum number of OV points necessary for defendant's score to fall in the cell of the sentencing grid under which he was sentenced. Specifically, we would find that, at a minimum, Offense Variables (OVs) 3, 8, and 10 were scored based on facts not found by the jury or admitted by defendant. According to *Lockridge*, it is thus clear that "an unconstitutional constraint actually impaired the defendant's Sixth Amendment right," *id*. at 395, because those factors were found by a preponderance of the evidence by the judge and were then used to compel an increase in the mandatory minimum punishment defendant received, *id*. at 377-379, 399. In accordance with *Lockridge*, we find that this case "should be remanded to the trial court to determine whether the trial court would have imposed a materially different sentence but for the constitutional error." *Id*. at 397. The procedure on remand, known as a *Crosby*[1] procedure, would require the following:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not

---

[1] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

-4-

received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by [MCR 6.425], if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Id.* at 398 (quotations and citations omitted).]

As such, we affirm defendant's convictions, but remand for a *Crosby* procedure.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher